Reese, J.
delivered the opinion of the court.
The bill in substance alleges that in 1814 the complainant, by an absolute bill of sale, for the consideration of sixteen hundred dollars paid to him, although the bill of sale states a consideration of two thousand six hundred dollars, conveyed to the intestate of defendant certain negroes; that the sale was in fact only for the life of the intestate, he having agreed at the time of the sale that he would emancipate the negroes during his life or at the time of his death, or in default thereof they should return to and re-vest in the complainant upon the death ■ of intestate; and the bill prays that the negroes may be decreed to be surrendered to the complainant for the purpose of being emancipated. The answer affirms the belief of the defendant that the consideration stated in the bill of sale was paid to the complainant; that it was the full and adequate value of the negroes at the time of the sale, and that the sale was absolute; denies all knowledge of the *154 alleged condition or limitation, and asserts an utter'disbelief of its existence. The cause remained eighteen months in a state for taking testimony when it was set for hearing, and application was made to the chancellor on the part of complainant to open the cause for further testimony, and an affidavit filed stating that the allegations of the bill could be established by the testimony of a witness named. The chancellor, however, refused the motion, and on the hearing dismissed the bill, and the complainant has prosecuted his appeal to this court.
We have not deemed it necessary to consider whether upon the ground stated in the affidavit, after the delay which had occurred, the chancellor ought to have opened the case for further testimony. We should in any case enter with much reluctance upon a supervision over the exercise of the legal' discretion of the chancellor touching such a question. We have considered this case as-if demurrer had been filed to the bill, and stripping the question of all that is sáid on the subject of emancipation, which is really foreign to it, for the controversy is about the title to the property, and the aspect in which the case presents itself, is an attempt to show by parol testimony that a conveyance' absolute on its face was for life only. This attempt is met by the maxim and general rule, early adopted and recognized alike in courts of equity and courts of law, that the terms and extent of an agreement under seal shall not, by the admission of parol proof, be contradicted or enlarged, diminished or varied. This rule was adopted upon the principle that the contracts of parties, deliberately written and solemnly authenticated by their seals, can safely be evidenced and perpetuated only by such instruments themselves; and that to permit the enlargement, diminution or change of their terms, to be made out by the frail and treacherous recollections of witnesses, would be to rpalce the instruments themselves, useless, the rights intended to be secured by them uncertain and doubtful, and would furnish a strong temptation and incentive to perjury and fraud. The rigor, however, of the rule has been in many cases relaxed; for it was found that under the protection of the rule itself the fraudulent might gain ad *155 vantages, and that in the formation of contracts, however solemn, the necessitous would yield to oppression, and the ignorant and rash blunder into mistake. So parol testimony came to be heard to vary the terms of an instrument upon the ground of fraud, accident or mistake; and so also to guard against and prevent usury, absolute conveyances were allowed to be shown to be mortgages and security for money-. The.cases, however, upon these exceptions to the general rule, present a most vexed and perplexing branch of legal learning, the precise limits to the exceptions in application to particular cases contracting or enlarging according to the peculiar cast of thought or state of legal metaphysics of each individual judge; so that it may well be doubted whether the interest of society, and the honor of the law as a science, claiming a reasonable degree of certainty, would not have been alike promoted by a rigid adherence to the severe simplicity of the general rule.
We are admonished by these considerations not to go beyond the distinct limits of the exceptions which have already been created by the judgments of the courts in the decided cases. The present is a case falling within none of those exceptions. It is an attempt to create a.'reversion by-parol after the determination of a life estate, in a case of a conveyance which purports to transfer the absolute title to the property in fee. To permit this would not only open a door to fraud and perjury, but it would render insecure and doubtful our most solemn assurances, and the property of all would depend not upon seals and parchments but upon the forbearance of the unscrupulous and the corrupt.
We entertain no doubt, therefore, that the decree of the chancellor is correct, and it is accordingly affirmed.